IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONELLO BOLDRINI, et al., | : | Civil No. 3:22-CV-300 |
| Plaintiffs | : | |
| v. | : | |
| JOSEPH GIOVANNINI, et al., | : | (Magistrate Judge Carlson) |
| Defendants | : | |

## MEMORANDUM AND ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Antonello Boldrini would do well to heed Albert Einstein's observation that doing the same thing over and over again and expecting different results is the highest form of human folly. For the past twelve years, Mr. Boldrini has come to the federal courts leveling a host of complaints regarding various disputes that he has with state agencies and state courts. Many of these disputes seem to center around estate and real estate litigation in the Court of Common Pleas of Luzerne County, and a common theme in this litigation has been Boldrini's efforts to use the federal courts to intervene in his on-going state cases. Indeed, it appears that Boldrini has filed some sixteen lawsuits over the past decade or so, either by filing *pro se* complaints or by attempting to remove state cases to federal court.

1

While the nature of the plaintiff's claims have been many and varied, all of these lawsuits share a common fate: this court has consistently refused to entertain Boldrini's lawsuits and have either dismissed or remanded these cases to state court. Undeterred, in March of 2022, Boldrini filed the instant case, lodging a complaint and amended complaint which named three dozen defendants including state judges, judicial officers, attorneys and others. (Docs. 1, 8). Boldrini's complaints demand a great deal of the reader and are largely unintelligible, but on their face many of Boldrini's claims are either time-barred or meritless. Because Boldrini has paid the filing fee, this complaint is not subject to a screening review. Instead, on March 1 and March 22, 2022, Boldrini was provided with summons so he could make timely and proper service of these complaints. Presently, there is no record of proper service of the complaints by Boldrini and the 90-day service deadline is about to expire.

It is against this backdrop that Boldrini has filed a motion for extension of time to serve the complaints. (Doc. 10). In this motion, Boldrini simply alleges that he has failed to properly serve the complaint he filed because, he is "very pressed on other cases of max importance." (Id.) With all due respect to Mr. Boldrini, the courts are also very pressed with other cases of max importance, and given the facially frivolous nature of many of the allegations set forth in his pleadings, it is

improvident and unwise to extend the service deadlines in this matter. Instead, the plaintiff is placed on notice that it was the plaintiff's responsibility to serve the defendants named in the complaint within 90 days, on or before **June 23, 2022**. See Rule 4, F. R. Civ. P. In addition to setting time limits for service, Rule 4 prescribes the sanction of dismissal for the failure to make proper and timely service, stating as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

F. R Civ. P., Rule 4(m).

The language of Rule 4(m) is both clear and mandatory. Where there is an unjustified and unexcused failure to timely serve a complaint the court "must dismiss the action." Accordingly, the plaintiff is placed on notice of this deadline and is directed on or before **June 23, 2022** to make service, or show cause why this matter should not be dismissed without prejudice for failure to affect proper service of the complaint.

Accordingly, IT IS ORDERED that Boldrini's motion for extension of time to serve his complaints (Doc. 10) is DENIED. IT IS FURTHER ORDERED that the plaintiff is placed on notice of this deadline and directed on or before **June 23,**

**2022** to make service of the complaints, or show cause why this matter should not be dismissed without prejudice for failure to affect proper service of the complaint.

So ordered this 2d day of June 2022.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
